UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD LOOS,

                                Index No. 07-CV-6723 (PKL)

           Plaintiff,

    -against-                          RESPONSE TO FIRST SET OF
                                                     REQUESTS FOR
                                                     INTERROGATORIES AND
                                                     PRODUCTION
COMFORT INNS, INC. and CHOICE HOTELS       AND INSPECTION OF
INTERNATIONAL, INC.,                                   DOCUMENTS

           Defendants.
------------------------------------------------------------------X

      The Plaintiff RICHARD LOOS, by his attorney the Law Offices of Eliot F. Bloom, as and for his response to the demand of the Defendant COMFORT INNS, INC. and PALISADES LODGING CORPORATION, trading as COMFORT INN, for interrogatory responses and for the production of documents herein, alleges:

### INTERROGATORY RESPONSES

RESPONSES TO INTERROGATORIES NO. 1.

The incident occurred on June 15, 2007, at 1:30 am.

RESPONSES TO INTERROGATORIES NO. 2.

The incident occurred inside the Comfort Inn, 425 East Route 59, Nanuet, New York.

RESPONSES TO INTERROGATORIES NO. 3.

The Plaintiff was in Room 410 of the Comfort Inn when a third-party, Kenneth Weiss, was able to gain entry to the room and assaulted the Plaintiff causing injury to the Plaintiff. Kenneth Weiss

was given a key to the room occupied by the Plaintiff by a front desk attendant, John VanHouten.

    A.    Richard Loos
          21596 Casa Monte
          Boca Raton, Florida

    B.    Kenneth Weiss
          28 Fieldstone Court
          New City, New York 10956

    C.    Danielle Weiss
          28 Fieldstone Court
          New City, New York 10956

    D.    John VanHouton
          122 Gaston
          Garfield, New Jersey

    D.    Lorrie Crouch
          Hotel Manager
          Comfort Inn
          425 East Route 59
          Nanuet, New York 10954

    E.    Officer Miller, Badge Number 449
          Clarkstown Police Department
          20 Maple Avenue
          New City, New York 10956

The Plaintiff is not in possession of a statement from any witnesses other than the police report.

RESPONSES TO INTERROGATORIES NO. 4.

That the aforementioned occurrence was due to the negligence, carelessness and recklessness of the Defendant COMFORT INNS, INC. and PALISADES LODGING CORPORATION by the Defendants failing to maintain the premises in a reasonably safe condition and by negligently provided a key to the room in which the Plaintiff was lawfully staying to a third party; that the

Defendants failed to protect the Plaintiff and to take minimal security precautions to prevent against foreseeable criminal acts; that the Defendants caused the unsafe condition herein by breaching its duty to the Plaintiff which included taking minimal precautions to protect its guest from intentional and criminal conduct by providing a key to the room in which the Plaintiff was occupying as a paying guest of the Defendants; that the Defendants created a condition that caused a likelihood of conduct on the part of a third person which was likely to endanger the safety of the Plaintiff and to place the Plaintiff in a vulnerable position; in that the Defendants' employee, employees, agents and third-parties in contract and privity with the Defendants failed to exercise due care in the performance of their assigned responsibilities thus creating the condition herein; in that the Defendants undertook to provide a service, and to maintain security for its' guests in rooms with locks and keys and then provided that service negligently; that the Defendants breached a duty and their contract with the Plaintiff to provide secure and safe lodging to the Plaintiff who paid consideration for lodging; and that the Defendants were negligent in maintaining the premises. The Defendants violated customary and industry safety procedures in their trade and business that bear on the reasonableness of a party's conduct; the Defendants violated established standards of care in their trade and business and engaged herein in a practice that was unsafe and not appropriate for the business in which the Defendant was engaged in; the Defendant breached their own internal operating rules, internal rule books, regulations and manuals; the Defendant violated common law negligence standards designed to protect patrons and it's duty to exercise reasonable care to protect guests and tenants while on the premises against injury at the hands of third persons who are not employees of the hotel; the

Defendant failed to take reasonable protective measures to protect tenants and guests against third-party criminal acts and actually created a dangerous condition herein; and the Defendant failed to protect the Plaintiff from criminal acts by exercising reasonable care to persons lawfully on their premises; and the Defendant additionally violated the New York State Penal Law by acting as a co-conspirator in providing to a third-party, Kenneth Weiss, the instrumentality to commit a crime herein upon the Plaintiff.

RESPONSES TO INTERROGATORIES NO. 5.

The within incident was caused by a condition created by the Defendants. As such, the Plaintiff does not claim that the Defendants were on notice of an unsafe condition.

RESPONSES TO INTERROGATORIES NO. 6.

The Defendants violated customary and industry safety procedures in their trade and business that bear on the reasonableness of a party's conduct; the Defendants violated established standards of care in their trade and business and engaged herein in a practice that was unsafe and not appropriate for the business in which the Defendant was engaged in; the Defendant breached their own internal operating rules, internal rule books, regulations and manuals; the Defendant violated common law negligence standards designed to protect patrons and it's duty to exercise reasonable care to protect guests and tenants while on the premises against injury at the hands of third persons who are not employees of the hotel (see Barber v. Princess Hotels International, 134 A.D.2d 312); the Defendant failed to take reasonable protective measures to protect tenants and guests against third-party criminal acts and actually created a dangerous condition herein; and the Defendant failed to protect the Plaintiff from criminal acts by exercising reasonable care

to persons lawfully on their premises. All of the above principles are contained in the common law and case law which defines reasonableness and negligence as those terms are utilized to determine the Defendants conduct herein, and the Plaintiff will ask that the Court take judicial notice and charge the jury accordingly on these principles of law in addition to the rules, regulations and standards that are maintained internally by the Defendants Comfort and Choice that are applicable herein. The Defendants additionally violated the New York State Penal Law by acting as a co-conspirator in providing to a third-party, Kenneth Weiss, the instrumentality to commit a crime herein upon the Plaintiff.

RESPONSES TO INTERROGATORIES NO. 7.

Notice is not applicable to this claim.

RESPONSES TO INTERROGATORIES NO. 8.

This is a legal determination that will be made by the Court based upon applicable case law and statutory laws in the State of New York and Federal Statutes and Laws.

RESPONSES TO INTERROGATORIES NO. 9.

Richard William Loos, ▌▌▌▌▌▌New York, New York, ▌▌▌▌▌▌; 21596 Casa Monte Court, Boca Raton, Florida, 33433, single.

RESPONSES TO INTERROGATORIES NO. 10.

Same address as above.

RESPONSES TO INTERROGATORIES NO. 11.

The Plaintiff suffered a laceration under his left eye requiring six (6) stitches to close; concussion; injury to left knee; back injury; and impaired vision in left eye. The Plaintiff

continues to suffered impaired vision, limitation to his back, knee limitations and pain, and permanent scarring.

RESPONSES TO INTERROGATORIES NO. 12.

All injuries suffered by the Plaintiff are permanent in nature.

RESPONSES TO INTERROGATORIES NO. 13.

The Plaintiff does not claim aggravation or exacerbation of a pre-existing injury.

RESPONSES TO INTERROGATORIES NO. 14.

The Plaintiff was not confined to Hospital except for seven hours on the date of the incident; he was not confined to home or bed.

RESPONSES TO INTERROGATORIES NO. 15.

The Plaintiff is continuing treatment for all of his injuries.

RESPONSES TO INTERROGATORIES NO. 16.

The Plaintiff does not claim disability from his occupation.

RESPONSES TO INTERROGATORIES NO. 17.

The Plaintiff is Director of Sales for The Taylor Corporation, Roe Crest Boulevard, North Manko, Minnesota. The Plaintiff does not claim lost earnings.

RESPONSES TO INTERROGATORIES NO. 18.

The Plaintiff does not claim incapacity from employment.

RESPONSES TO INTERROGATORIES NO. 19.

The Plaintiff has incurred the following expenses to date:

Hospital fees: $4,138.00

Medial bills:   $988.00

RESPONSES TO INTERROGATORIES NO. 20.

Nyack Hospital,
160 North Midland Avenue,
Nyack, New York 10960;

Boca Raton Medical Group
1001 NW 13st
Suite 101
Boca Raton, FL 33486

Boca Raton Orthopedic Group
9407 Glades Rd
Boca Raton, FL 33434

Boca Raton Orthopedic Group
660 Glades Rd
Suite 460
Boca Raton, FL 33431

Blue Cross Blue Shield of MN
PO Box 64338
St. Paul, MN 55164


RESPONSES TO INTERROGATORIES NO. 21.

The Plaintiff is not presently able to determine if he will be caused to expend future monies for medical supplies and treatment and will amend these responses at a future date should the Plaintiff become aware of future costs.

RESPONSES TO INTERROGATORIES NO. 22.

The Plaintiff does not claim loss of services.

RESPONSES TO INTERROGATORIES NO. 23.

    A.    John VanHouton

       122 Gaston
       Garfield, New Jersey

B.    Lorrie Crouch
       Hotel Manager
       Comfort Inn
       425 East Route 59
       Nanuet, New York 10954

C.    Richard Loos
       21596 Casa Monte
       Boca Raton, Florida

D.    Kenneth Weiss
       28 Fieldstone Court
       New City, New York 10956

E.    Patricia Weiss
       28 Fieldstone Court
       New City, New York 10956

## DOCUMENT DEMAND RESPONSES

RESPONSES TO REQUESTS NO. 1

The Plaintiff does not presently possess statements from the Defendants other than those contained in the police report.

RESPONSE TO REQUEST NO. 2.

A.    Richard Loos
       21596 Casa Monte
       Boca Raton, Florida

B.    Kenneth Weiss
       28 Fieldstone Court
       New City, New York 10956

    C.    Danielle Weiss
          28 Fieldstone Court
          New City, New York 10956

    D.    John VanHouton
          122 Gaston
          Garfield, New Jersey

    D.    Lorrie Crouch
          Hotel Manager
          Comfort Inn
          425 East Route 59
          Nanuet, New York 10954

    E.    Officer Miller, Badge Number 449
          Clarkstown Police Department
          20 Maple Avenue
          New City, New York 10956

The Plaintiff does not possess statements of any of the within witnesses except those contained in the police report.

RESPONSE TO REQUESTS NO. 3.

Since this incident does not involve an automobile accident, the Plaintiff does not possess an accident report in response to this boilerplate demand.

RESPONSE TO REQUESTS NO. 4.

Annexed hereto are photographs of the Plaintiff.

RESPONSE TO REQUEST NO. 5.

The Plaintiff has not, to date, retained the services of an expert. The Plaintiff will make all required disclosures of experts when applicable.

RESPONSE TO REQUEST NO. 6.

The Plaintiff did not file a workers compensation claim for this incident.

RESPONSE TO REQUEST NO. 7.

The Plaintiff did not enter any applicable contracts or agreements other than the agreement to provide consideration to the Defendant for lodging at the Defendant's hotel. Any said agreements or contracts are within the control of the Defendant.

RESPONSE TO REQUEST NO. 8.

Any and all costs involved with this incident will be compensated by the Plaintiff's account with Blue Cross/Blue Shield. An authorization for the release of these records is enclosed herein. Their address is:

Blue Cross Blue Shield of MN
PO Box 64338
St. Paul, MN 55164

RESPONSE TO REQUEST NO. 9.

The Plaintiff does not make a lost wage claim herein.

RESPONSE TO REQUEST NO. 10.

The Plaintiff was provided medical treatment at the following:

Nyack Hospital,
160 North Midland Avenue,
Nyack, New York 10960;

Boca Raton Medical Group
1001 NW 13st
Suite 101
Boca Raton, FL 33486

Boca Raton Orthopedic Group
9407 Glades Rd
Boca Raton, FL 33434

Boca Raton Orthopedic Group
660 Glades Rd
Suite 460
Boca Raton, FL 33431

HIPPA compliant authorizations for the release for medical records for these providers are enclosed herein.

RESPONSE TO REQUEST NO. 11.

The Plaintiff did not have any pre-existing injuries related to this matter.

RESPONSE TO REQUEST NO. 12.

The following attorneys have appeared in this matter:

    Marks, O'Neill, O'Brien and Courtney, P.C.
    Attorney for Defendant Choice Hotels International, Inc.
    530 Saw Mill River Road
    Elmsford, New York 10523

    Law Offices of Eliot F. Bloom, Esq.
    Attorney for the Plaintiff Richard Loos
    114 Old Country Road
    Suite 308
    Mineola, New York 11501

    Law Offices of Donald L. Frum
    Attorney for Defendant Comfort Inns, Inc. and
    Palisades Lodging Corporation, trading as Comfort Inn
    565 Taxter Road
    Suite 150
    Elmsford, New York 10523


Dated:  Mineola, New York
         November 3, 2007

                                      Yours, etc.

                                        LAW OFFICES OF ELIOT F. BLOOM

                                        _____
                                        By: Eliot F. Bloom, Esq. (9423)
                                        *Attorneys for Plaintiff Richard Loos*
                                        114 Old Country Road, Suite 308
                                        Mineola, New York  11501
                                        (516) 739-5300

TO:    Law Offices of Donald L. Frum
         Attorney for Defendant Comfort Inns, Inc. and
         Palisades Lodging Corporation, trading as Comfort Inn
         565 Taxter Road
         Suite 150
         Elmsford, New York 10523

         Marks, O'Neill, O'Brien and Courtney, P.C.
         Attorney for Defendant Choice Hotels International, Inc.
         530 Saw Mill River Road
         Elmsford, New York 10523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD LOOS,

                                            Index No. 07-CV-6723 (PKL)
                    Plaintiff,

    -against-


COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                    Defendants.
------------------------------------------------------------------X


STATE OF NEW YORK  )
                          ) SS.:
COUNTY OF NASSAU  )

      ELIOT F. BLOOM, an attorney admitted to practice in the courts of New York State and the United States District Court, Eastern and Southern Districts, states: deponent is the attorney for the Plaintiff in the within action; deponent has read the foregoing Interrogatory Responses and Response to Combined Demands and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. This verification is made by deponent and not by Plaintiff because Plaintiff reside(s) in a state other than in which your deponent maintains his office.

      The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: Conversations with Plaintiff, investigation of this matter, a police report and papers and documents contained in deponent's file.

Dated:  Mineola, NY
          November 3, 2007

                                                The undersigned affirms that the
                                                foregoing statements are true,
                                                under the penalties of perjury

                                                _____
                                                ELIOT F. BLOOM, ESQ.