UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD LOOS,

                          Plaintiff,

    -against-

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                         Defendants.
------------------------------------------------------------------X

Index No. 07-cv-6723 (PKL)

RESPONSE TO FIRST SET OF
REQUESTS FOR
INTERROGATORIES AND
PRODUCTION
AND INSPECTION OF
DOCUMENTS

      The Plaintiff RICHARD LOOS, by his attorney the Law Offices of Eliot F. Bloom, as and for his response to the demand of the Defendant CHOICE HOTELS INTERNATIONAL, INC. for interrogatory responses and for the production of documents herein, alleges:

**INTERROGATORY RESPONSES**

RESPONSES TO INTERROGATORIES NO. 1.

    A.    Richard Loos
           21596 Casa Monte
           Boca Raton, Florida

    B.    Kenneth Weiss
           28 Fieldstone Court
           New City, New York 10956

    C.    Patricia Weiss
           28 Fieldstone Court
           New City, New York 10956

    D.    John VanHouton
           122 Gaston
           Garfield, New Jersey

    D.    Lorrie Crouch
          Hotel Manager
          Comfort Inn
          425 East Route 59
          Nanuet, New York 10954

RESPONSES TO INTERROGATORIES NO. 2.

The Plaintiff suffered a laceration under his left eye requiring six (6) stitches to close; concussion; injury to left knee; back injury; impaired vision in left eye.

RESPONSES TO INTERROGATORIES NO. 3

The Taylor Corporation.

RESPONSES TO INTERROGATORIES NO. 4.

The Plaintiff has not applied for workers compensation within the past ten (10) years.

RESPONSES TO INTERROGATORIES NO. 5.

The Plaintiff has not applied for social security disability benefits within the past ten (10) years.

RESPONSES TO INTERROGATORIES NO. 6.

The Plaintiff has not applied for Medicare or Medicaid benefits within the past ten (10) years.

RESPONSES TO INTERROGATORIES NO. 7.

The Plaintiff has made a claim to Blue Cross/Blue Shield within the past ten (10) years.

RESPONSES TO INTERROGATORIES NO. 8.

The Plaintiff has incurred the following expenses to date:

Hospital fees: $4,138.00

Medial bills: $988.00

RESPONSES TO INTERROGATORIES NO. 9.

The within incident was caused by a condition created by the Defendants. As such, the Plaintiff does not claim that the Defendants were on notice of an unsafe condition. However, any

witnesses that may be identified as "notice" witnesses would be:

    A.    John VanHouton
           122 Gaston
           Garfield, New Jersey

    B.    Lorrie Crouch
           Hotel Manager
           Comfort Inn
           425 East Route 59
           Nanuet, New York 10954

RESPONSES TO INTERROGATORIES NO. 10.

The Plaintiff is not in possession of documents prepared by himself or others other than the police report which is identified in the Plaintiff's response to request for the production of documents No. 1.

RESPONSES TO INTERROGATORIES NO. 11.

The Plaintiff has not, to date, retained the services of an expert. When the Plaintiff does retain an expert, the identity and required information regarding that expert will be disclosed by the Plaintiff as required by the Federal Rules of Civil Procedure.

## DOCUMENT DEMAND RESPONSES

RESPONSES TO REQUESTS NO. 1

The Plaintiff hereby produces a police report in response to this demand.

RESPONSE TO REQUEST NO. 2.

The Plaintiff hereby produces presently available medical records for the within incident. The Plaintiff does not possess medical or mental health records for treatment received by the Plaintiff for the five years prior to the incident. The Plaintiff objects to the time frame of the demanded documents in this request as being overly broad.

RESPONSE TO REQUESTS NO. 3.

The Plaintiff hereby produces duly executed HIPAA compliant authorizations for all medical providers related to this incident.

RESPONSE TO REQUEST NO. 4.

The Plaintiff hereby produces photographs of his injuries.

RESPONSE TO REQUEST NO. 5.

The Plaintiff hereby produces an authorization for the employment records of:

>   The Taylor Corporation

RESPONSE TO REQUEST NO. 6.

The Plaintiff does not make a lost wage claim in this action.

RESPONSE TO REQUEST NO. 7.

The Plaintiff did not receive social security disability benefits related to this matter.

RESPONSE TO REQUEST NO. 8.

The Plaintiff did not receive Medicare or Medicaid payments related to this matter.

RESPONSE TO REQUEST NO. 9.

The Plaintiff did not make a claim with his insurance carrier for the past ten years. The Plaintiff further submits that this demand is overly broad and that the length of time covered by this demand is irrelevant and therefore objects to this demand.

RESPONSE TO REQUEST NO. 10.

The Plaintiff has not, to date, retained the services of an expert. The Plaintiff will make all required disclosures of experts when applicable.

.

Dated: Mineola, New York
       August 20, 2007

Yours,

Richard

LAW OFFICES OF ELIOT F. BLOOM

By: Eliot F. Bloom, Esq. (9423)
*Attorneys for Plaintiff Richard Loos*
114 Old Country Road, Suite 308
Mineola, New York 11501
(516) 739-5300

TO: Marks, O'Neill, O'Brien and Courtney, P.C.
Attorney for Defendant Choice Hotels International, Inc.
530 Saw Mill River Road
Elmsford, New York 10523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD LOOS,

                                         Index No. 07-CV-6723 (PKL)

                  Plaintiff,

      -against-

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                  Defendants.
-------------------------------------------------------------------X


STATE OF NEW YORK  )
                       ) SS.:
COUNTY OF NASSAU  )

     ELIOT F. BLOOM, an attorney admitted to practice in the courts of New York State and the United States District Court, Eastern and Southern Districts, states: deponent is the attorney for the Plaintiff in the within action; deponent has read the foregoing Interrogatory Responses and Response to Combined Demands and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. This verification is made by deponent and not by Plaintiff because Plaintiff reside(s) in a state other than in which your deponent maintains his office.

     The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:  Conversations with Plaintiff, investigation of this matter, a police report and papers and documents contained in deponent's file.

Dated: Mineola, NY
       November 3, 2007

                                      The undersigned affirms that the
                                      foregoing statements are true,
                                      under the penalties of perjury

                                      *[signature]* 9423
                                      _____
                                      ELIOT F. BLOOM, ESQ.