UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD LOOS,

                        *Plaintiff*,

   -against-

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                        *Defendants*,
-------------------------------------------------------------------X
COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                        *Third-Party Plaintiffs*,
   -against-

KENNETH WEISS and RONDAVEL MANAGEMENT
CORPORATION

                        *Third-Party Defendants*,
-------------------------------------------------------------------X

**Case Number: 07-CV-6723 (PKL)**

**DEMAND FOR FIRST SET
OF INTERROGATORIES**

S I R S:

    PLEASE TAKE NOTICE THAT, pursuant to Article 30 of the CPLR, the answering defendant, RONDAVEL MANAGEMENT CORPORATION & PALISADES LODGING CORPORATION, by their attorneys, LAW OFFICES OF DONALD L. FRUM, hereby demand that plaintiff serve on the undersigned attorneys within thirty (30) days from the date of service hereof, a Verified Bill of Particulars with respect to the following matters:

    1.    State the exact date and time of day of the alleged accident/occurrence.

    2.    State the exact location of the accident and a description of the location of the accident in sufficient detail to permit ready identification and location, giving distances and directions from roadways, intersections, traffic signals and other objects or landmarks in close proximity.

    3.    State the manner in which the plaintiff(s) claim, or will claim, the accident occurred.

    4.    Statement of the acts or omissions of the answering defendant constituting the negligence claimed. If multiple defendants, state separately, the acts or omissions constituting the negligence of each defendant.

5. State whether a dangerous or defective condition is claimed. If so, state:

   (a) The nature of the specific condition, which caused the occurrence and state in detail the location, size and description of each dangerous and/or defective condition claimed.

   (b) State whether the answering defendant, their agents, servants and/or employees are alleged to have caused and/or created any defective condition claimed. If it is claimed said defendant caused and/or created any defective condition, set forth the date and time said condition was caused and/or created, together with the name and address of the agent, servant and or employee who allegedly caused and/or created same.

   (c) State whether the answering defendant is alleged to have had actual notice of any defective condition claimed. If actual notice is claimed, state how said defendant acquired said notice. If notice was written, set forth a copy of same. If notice was oral, set forth the substance of same and further state the date and place said notice was given and the names and addresses of the persons who gave the notice and to whom notice was given.

   (d) State whether the answering defendant is alleged to have had constructive notice of any defective condition claimed. If constructive notice is claimed, state the length of time the condition existed prior to the happening of the occurrence (in minutes, hours, days, weeks, etc., as nearly as may be stated).

6. State the: (a) statutes; (b) ordinances; (c) rules; and (d) regulations, specifying the particular provisions thereof, if any, which are claimed to have been violated by the answering defendant(s).

7. If notice is claimed, state whether said notice is actual or constructive. If actual state when and to whom notice was given. If constructive, state how long it is claimed the condition existed and to whom such notice was given.

8. If it is claimed that the limited liability provisions of CPLR § 1601 do not apply, specify which exception in CPLR § 1602 plaintiff relies upon and separately state this for each defendant.

9. State the full name, date and place of birth, social security number, residence and marital status of each plaintiff at the time of the alleged accident.

10. State the address of each plaintiff at the present time, if different from above.

11. Describe in detail the injuries sustained by plaintiff as a result of this occurrence indicating the exact location, nature, extent, **and duration of each injury and their sequelae.**

12. Specifically indicate which injuries are claimed to be permanent.

13. If the plaintiff claims aggravation, activation and/or exacerbation of a pre-existing injury or condition, set forth the nature, location, extent and duration of each such injury or condition.

14. State the length of time, if any, it is claimed plaintiff was confined to: (a) hospital (with dates of admission and discharge); (b) bed; (c) to home following the accident; and (d) give the dates of confinement.

15. State the length of time under medical care.

16. State the length of time, giving specific dates, plaintiff claims he was: (a) totally disabled; (b) partially disabled; and (c) unable to pursue their normal occupation.

17. State the plaintiff occupation and the name and address of his/her employer: (a) at the time of the accident; (b) at the present time; and (c) if self employed or engaged in some other pursuit, so state, indicating the name and address under which plaintiff is/was doing business, any financial loss alleged, and how computed.

18. State the length of time, giving specific dates, plaintiff was incapacitated from employment, school attendance, and/or from attending their usual duties and vocation; the amount of earnings or wages claimed to have been lost including method of calculation, and the base rate of pay, either hourly, weekly, monthly, etc., received by plaintiff at the time of the occurrence.

19. Total amounts, if any, claimed as special damages by reasons of (a) physician's services, giving names and specific addresses of all physicians and the specific dates of service; (b) hospital expenses; (c) medical supplies, drugs and medicines; (d) nurse's services; (e) physical therapy, giving names and specific addresses of all providers and the specific dates of service; (f) each other item of special damage, setting forth, as to each supplier or health service, the name and address and dates of service..

20. State the name and address of each doctor, hospital, clinic, chiropractor, dentist, podiatrist, physical therapist or other health care provider who provided or is providing treatment or other health care services for plaintiff's injuries.

21. If it is claimed that future monies will have to be expended for medical supplies, dental, medical, and/or psychological treatment, state the nature of same and the estimated cost.

22. If loss of services is claimed: (a) state the nature of services claimed to be lost; (b) specify the length of time of such loss; (c) specify the dates of such loss; and (d) specify the amount claimed as damages for loss of services.

23. Identify each person who was present at the scene of the occurrence immediately before, at the time of and immediately after said occurrence.

26. State whether the plaintiff is aware of any witnesses to, or anyone who has knowledge of, the circumstances of the occurrence alleged in the complaint. In the answer to the foregoing is in the affirmative: (a) identify each such witness; and (b) set forth whether or not plaintiff(s) are in the possession of a statement of any such witness, and if so, identify from which witness the plaintiff(s) have statements and the dates of each such statement.

Dated:   Elmsford, NY
         March 3, 2008

                                    Yours, etc.,

                                    LAW OFFICES OF DONALD L. FRUM

                                    By: _____
                                    Paul S. Zilberfein, Esq. (7462)
                                    *Attorneys for Third-Party Defendant*
                                    RONDAVEL MANAGEMENT CORPORATION
                                    565 Taxter Road - Suite 150
                                    Elmsford, NY 10523
                                    914-347-5522

To:   LAW OFFICES OF ELIOT F. BLOOM           MARKS, O'NEILL, O'BRIEN & COURTNEY, PC
      *Attorney for Plaintiff*                 *Attorneys for Defendant/Third-Party Plaintiff*
      114 Old Country Road, Suite 308          CHOICE HOTELS INTERNATIONAL, INC.
      Mineola, NY 11501                        530 Saw Mill River Road
      516-739-5300                             Elmsford, NY 10523
                                               914-345-3701

      William F. Costello, Esq.
      CURAN, AHLERS, FIDEN & NORRIS, LLP
      *Attorneys for Third-Party Defendant*
      KENNETH WEISS
      14 Mamaroneck Avenue
      White Plains, NY 10601
      914-428-3313