UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICHARD LOOS,

        *Plaintiff,*

-against-

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

        *Defendants,*
-----------------------------------------------------------X
COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

        *Third-Party Plaintiffs,*

-against-

KENNETH WEISS and RONDAVEL MANAGEMENT
CORPORATION

        *Third-Party Defendants,*
-----------------------------------------------------------X
PALISADES LODGING CORPORATION, trading
as COMFORT INN and improperly sued herein as
COMFORT INNS, INC. and RONDAVEL
MANAGEMENT CORPORATION,

        *Fourth-Party Plaintiffs,*

-against-

AUDITORS EXPRESS and JOHN VANHOUTEN,

        *Fourth-Party Defendants.*
-----------------------------------------------------------X

Docket No. : 07-CV-6723 (PKL)

**FOURTH-PARTY SUMMONS
IN A CIVIL ACTION**

Assigned Judge:
Hon. Peter K. Leisure

TO THE ABOVE NAMED FOURTH-PARTY DEFENDANTS:

**AUDITORS EXPRESS**
54 Collins Avenue
Bloomfield, New Jersey 07003

**JOHN VANHOUTEN**
122 Gaston Avenue
Garfield, New Jersey 07026

**YOU ARE HEREBY SUMMONED** and required to serve on:

PLAINTIFF'S ATTORNEY:

Law Offices Of Eliot Bloom, P.C.
114 Old Country Road
Mineola, New York, 11501; **and**

FOURTH-PARTY PLAINTIFFS' ATTORNEY:

Law Offices Of Donald L. Frum
565 Taxter Road, Suite 150
Elmsford New York 10523; **and**

THIRD-PARTY PLAINTIFF'S ATTORNEY:

MARKS, O'NEILL, O'BRIEN and COURTNEY, P.C.
530 Saw Mill River Road
Elmsford, New York 10523,

**Continued**

an Answer to the fourth-party complaint which is served on you with this summons **within twenty (20) days** after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the fourth-party complaint. There is also served on you with this summons a copy of the Complaint of the plaintiff. You have the option of answering or not answering the plaintiffs complaint, *unless* (l) this is a case within Rule 9(h) Federal Rules of Civil Procedure, and (2) the fourth-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the fourth-party plaintiffs. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____   _____
Clerk                                         Date

_____
(By) Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD LOOS,

                *Plaintiff*,

   -against-

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                *Defendants*,
-----------------------------------------------------------------X
COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                *Third-Party Plaintiffs*,

   -against-

KENNETH WEISS and RONDAVEL MANAGEMENT
CORPORATION

                *Third-Party Defendants*,
-----------------------------------------------------------------X
PALISADES LODGING CORPORATION, trading
as COMFORT INN and improperly sued herein as
COMFORT INNS, INC. and RONDAVEL
MANAGEMENT CORPORATION,

                *Fourth-Party Plaintiffs*,

   -against-

AUDITORS EXPRESS and JOHN VANHOUTEN,

                *Fourth-Party Defendants*.
-----------------------------------------------------------------X

Docket No. : 07-CV-6723 (PKL)

**FOURTH-PARTY COMPLAINT**

Assigned Judge:
Hon. Peter K. Leisure

      Defendant/Fourth-Party Plaintiff, PALISADES LODGING CORPORATION, trading as COMFORT INN and improperly sued herein as COMFORT INNS, INC. (hereinafter "PALISADES") and Third-Party Defendant/Fourth-Party Plaintiff RONDAVEL MANAGEMENT CORPORATION (hereinafter "RONDAVEL"), by its attorneys LAW OFFICES OF DONALD L. FRUM, as and for a Fourth-Party Complaint against the above named Fourth-Party Defendants, AUDITORS EXPRESS and

JOHN VANHOUTEN, alleges upon information and belief as follows:

1. At all the times hereinafter relevant, Fourth-Party Plaintiff, PALISADES was a corporation organized and existing under the Laws of the State of New York.

2. At all the times hereinafter relevant, Fourth-Party Plaintiff, RONDAVEL was a corporation organized and existing under the Laws of the State of New York.

3. At all the times hereinafter mentioned, Fourth-Party Defendant AUDITORS EXPRESS, was corporation duly organized under and by virtue of the laws of the State of New Jersey and authorized to do business in the State of New York.

4. At all times hereinafter relevant, Fourth-Party Defendant, AUDITORS EXPRESS, was a foreign corporation authorized to do business in the State of New York, or a foreign corporation doing business in the State of New York.

5. At all times hereinafter relevant, Fourth-Party Defendant, AUDITORS EXPRESS, was a domestic corporation organized and existing under the Laws of the State of New York.

6. At all times hereinafter relevant, Fourth-Party Defendant, AUDITORS EXPRESS, was a general partnership organized under the Laws of the State of New Jersey.

7. At all times hereinafter relevant, Fourth-Party Defendant, AUDITORS EXPRESS, was a partnership organized under the Laws of the State of New Jersey.

8. At all times hereinafter relevant, Fourth-Party Defendant, AUDITORS EXPRESS, was a business entity doing business in the State of New York.

9. At all times hereinafter relevant, Fourth-Party Defendant, JOHN VANHOUTEN, was a resident of Garfield, New Jersey.

10. At all times hereinafter relevant, Fourth-Party Defendant, JOHN VANHOUTEN, was an employee of AUDITORS EXPRESS.

11. Prior to June 15, 2007, Fourth-Party Defendant, AUDITORS EXPRESS, entered into an agreement to perform certain work at the Hotel located at 425 East Route 59, Nanuet, NY 10954.

12. On June 15, 2007, Fourth-Party Defendant AUDITORS EXPRESS was performing work at 425 East Route 59, Nanuet, NY 10954, pursuant to the aforesaid agreement.

13. On June 15, 2007, Fourth-Party Defendant, JOHN VANHOUTEN was an employee of Fourth-Party Defendant AUDITORS EXPRESS.

14. On June 15, 2007, Fourth-Party Defendant, JOHN VANHOUTEN was working at the Hotel located at 425 East Route 59, Nanuet, NY 10954 as an employee of Fourth-Party Defendant AUDITORS EXPRESS.

15. On June 15, 2007, Fourth-Party Defendant, JOHN VANHOUTEN was working at the Hotel located at 425 East Route 59, Nanuet, NY 10954 on behalf of Fourth-Party Defendant AUDITORS EXPRESS.

16. On June 15, 2007, Fourth-Party Defendant, JOHN VANHOUTEN was in the course of his employment with Fourth-Party Defendant AUDITORS EXPRESS.

17. On June 15, 2007, Fourth-Party Defendant, JOHN VANHOUTEN, permitted Third-Party Defendant KENNETH WEISS to gain acess to room 410 of the aforesaid Hotel by giving him a key to the room.

18. On June 15, 2007, Third-Party Defendant KENNETH WEISS committed a battery and injured Plaintiff RICHARD LOOS, who was staying in Room 410 at the aforesaid Hotel.

19. Plaintiff, RICHARD LOOS, commenced this action alleging personal injuries caused by negligent, wanton, reckless and careless acts of the Defendants herein, as set forth in the Verified Complaint dated on or about July 12, 2007. The Defendant/Fourth-Party Plaintiffs incorporate said Verified Complaint,

without admitting or conceding the truth of said allegations, a copy of which is annexed hereto as **Exhibit "A."**

20. On or about August 16, 2007, Defendants/Third-Party Plaintiffs COMFORT INNS, INC. and CHOICE HOTELS INTERNATIONAL, INC. filed and served a Third-Party Summons and Complaint a copy of which is annexed hereto as **Exhibit "B."**

21. Annexed to this Fourth-Party Complaint, as **Exhibit "C"** is a copy of the Answers of defendant, PALISADES and RONDAVEL.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

22. That PALISADES and/or RONDAVEL, repeat, reiterate, and reallege each and every allegation set forth in paragraphs designated "1" through "21" as though fully set forth herein at length.

23. That if the Plaintiff was caused to sustain damages as alleged in the Complaint, such damages were caused solely and wholly as a result of the negligence, gross negligence, carelessness, recklessness, affirmative acts and/or omissions of the Fourth-Party Defendant, AUDITORS EXPRESS, and not through any negligence, carelessness, recklessness or culpable conduct on the part of PALISADES and/or RONDAVEL.

24. If Plaintiff shall recover any sum in this action for damages sustained against PALISADES and/or RONDAVEL, then PALISADES and/or RONDAVEL will be entitled to judgment over and against the Fourth-Party Defendant, AUDITORS EXPRESS for the full amount of the judgment, or in an amount equal to the proportionate share of liability/culpability as between PALISADES and/or RONDAVEL, and Fourth-Party Defendant, AUDITORS EXPRESS.

25. As a result of the negligence, gross negligence, carelessness, recklessness, affirmative acts and/or omissions, or some combination thereof, of Fourth-Party Defendant AUDITORS EXPRESS, PALISADES

and RONDAVEL has incurred and will continue to incur liability for costs, disbursements and counsel fees in defending this suit and has incurred and will continue to incur other damages and expenses in connection therewith, all to their special damages and Fourth-Party Defendant AUDITORS EXPRESS, will be bound to indemnify PALISADES and RONDAVEL, for any and all legal and other costs, disbursements and expenses.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

26. That PALISADES and RONDAVEL, repeat, reiterate, and reallege each and every allegation set forth in paragraphs designated "1" through "25" as though fully set forth herein at length.

27. That if the Plaintiff was caused to sustain damages as alleged in the Complaint, such damages were caused solely and wholly as a result of a breach of the aforesaid agreement(s) by Fourth-Party Defendant, AUDITORS EXPRESS, and not through any negligence, carelessness, recklessness or culpable conduct on the part of PALISADES and/or RONDAVEL.

28. If Plaintiff shall recover any sum in this action, for damages sustained against PALISADES and/or RONDAVEL, then PALISADES and/or RONDAVEL will be entitled to judgment over and against the Fourth-Party Defendant, AUDITORS EXPRESS for the full amount of the judgment or in an amount equal to the proportionate share of liability/culpability as between PALISADES and/or RONDAVEL, and Fourth-Party Defendant, AUDITORS EXPRESS.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

29. That PALISADES and RONDAVEL, repeat, reiterate, and reallege each and every allegation set forth in paragraphs designated "1" through "28" as though more fully set forth herein at length.

30. If Plaintiff shall recover any sum in this action, for damages sustained against PALISADES and/or RONDAVEL, then PALISADES and/or RONDAVEL will be entitled to judgment over and against the Fourth-Party Defendant, AUDITORS EXPRESS for the full amount of the judgment or in an amount equal to the proportionate share of liability/culpability as between PALISADES and/or RONDAVEL, and Fourth-Party Defendant, AUDITORS EXPRESS based on the theory of contribution.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
### FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

31. That PALISADES and RONDAVEL, repeat, reiterate, and reallege each and every allegation set forth in paragraphs designated "1" through "30" as though more fully set forth herein at length.

32. That in the event Plaintiff was caused to sustain damages as alleged in the Complaint, other then by plaintiff's own negligence and carelessness, then the Fourth-Party Defendant, AUDITORS EXPRESS will be required to indemnify and hold harmless PALISADES and/or RONDAVEL under the principles of common law indemnification, in whole for the amount of any recovery obtained herein by the Plaintiff against PALISADES and/or RONDAVEL as the Court or Jury may direct.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

33. That the Defendant/Fourth-Party Plaintiff, PALISADES and RONDAVEL, repeat, reiterate, and reallege each and every allegation set forth in paragraphs designated "1" through "32" as though more fully set forth herein at length.

34. That pursuant to the terms of the aforementioned agreement(s) between PALISADES and/or RONDAVEL, and the Fourth-Party Defendant, AUDITORS EXPRESS, the Fourth-Party Defendant, AUDITORS EXPRESS was to and did agree to indemnify and save harmless the PALISADES and/or RONDAVEL from any and all liability claims and demands on account of injury to persons. The Fourth-

Party Defendant AUDITORS EXPRESS agreed, at its own expense, to defend any and all actions at law brought against, PALISADES and/or RONDAVEL and pay all attorneys' fees and all expenses and promptly discharge any judgments arising therefrom.

35. That in the event Plaintiff was caused to sustain damages as alleged in the Complaint, other then by plaintiff's own negligence and carelessness, then the Fourth-Party Defendant, AUDITORS EXPRESS will be required to indemnify and hold harmless PALISADES and/or RONDAVEL under the principles of contractual indemnification, in whole for the amount of any recovery obtained herein by the Plaintiff against PALISADES and/or RONDAVEL as the Court or Jury may direct.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

36. That the Defendant/Fourth-Party Plaintiff, PALISADES AND RONDAVEL, repeat, reiterate, and reallege each and every allegation set forth in paragraphs designated "1" through "35" as though more fully set forth herein at length.

37. That pursuant to the aforementioned agreement(s) between the PALISADES and/or RONDAVEL and Fourth-Party Defendant, AUDITORS EXPRESS, the Fourth-Party Defendant AUDITORS EXPRESS was to obtain liability insurance that names as an additional insured the Defendant/Fourth-Party Plaintiff, PALISADES and/or RONDAVEL.

38. That pursuant to the aforementioned agreements, the Fourth-Party Defendant failed and breached its agreement to obtain the appropriate insurance.

39. That if the Plaintiff sustained damages as alleged in the Complaint, and if it is found that PALISADES and/or RONDAVEL are liable to the Plaintiff herein, then PALISADES and/or RONDAVEL are entitled to judgment over and against the Fourth-Party Defendant AUDITORS EXPRESS for all and part of any verdict or judgment that the Plaintiff may recover against PALISADES and/or RONDAVEL

due to the breach of the aforementioned agreement to the extent of the required policy limits and the costs of defending this suit.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT JOHN VANHOUTEN

40. That PALISADES and/or RONDAVEL, repeat, reiterate, and reallege each and every allegation set forth in paragraphs designated "1" through "39" as though fully set forth herein at length.

41. That if the Plaintiff was caused to sustain damages as alleged in the Complaint, such damages were caused solely and wholly as a result of the negligence, gross negligence, carelessness, recklessness, affirmative acts and/or omissions of the Fourth-Party Defendant, JOHN VANHOUTEN, and not through any negligence, carelessness, recklessness or culpable conduct on the part of PALISADES and/or RONDAVEL.

42. If Plaintiff shall recover any sum in this action for damages sustained against PALISADES and/or RONDAVEL, then PALISADES and/or RONDAVEL will be entitled to judgment over and against the Fourth-Party Defendant, JOHN VANHOUTEN for the full amount of the judgment, or in an amount equal to the proportionate share of liability/culpability as between PALISADES and/or RONDAVEL, and Fourth-Party Defendant, JOHN VANHOUTEN.

43. As a result of the negligence, gross negligence, carelessness, recklessness, affirmative acts and/or omissions, or some combination thereof, of Fourth-Party Defendant JOHN VANHOUTEN, PALISADES and RONDAVEL has incurred and will continue to incur liability for costs, disbursements and counsel fees in defending this suit and has incurred and will continue to incur other damages and expenses in connection therewith, all to their special damages and Fourth-Party Defendant JOHN VANHOUTEN, will be bound to indemnify PALISADES and RONDAVEL, for any and all legal and other costs, disbursements and expenses.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST
### FOURTH-PARTY DEFENDANT JOHN VANHOUTEN

44. That PALISADES and RONDAVEL, repeat, reiterate, and reallege each and every allegation set forth in paragraphs designated "1" through "43" as though more fully set forth herein at length.

45. If Plaintiff shall recover any sum in this action, for damages sustained against PALISADES and/or RONDAVEL, then PALISADES and/or RONDAVEL will be entitled to judgment over and against the Fourth-Party Defendant, JOHN VANHOUTEN for the full amount of the judgment or in an amount equal to the proportionate share of liability/culpability as between PALISADES and/or RONDAVEL and Fourth-Party Defendant, JOHN VANHOUTEN based on the theory of contribution.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

46. That PALISADES and RONDAVEL, repeat, reiterate, and reallege each and every allegation set forth in paragraphs designated "1" through "45" as though more fully set forth herein at length.

47. That in the event Plaintiff was caused to sustain damages as alleged in the Complaint, other then by plaintiff's own negligence and carelessness, then the Fourth-Party Defendant, JOHN VANHOUTEN will be required to indemnify and hold harmless PALISADES and/or RONDAVEL under the principles of common law indemnification, in whole for the amount of any recovery obtained herein by the Plaintiff against PALISADES and/or RONDAVEL as the Court or Jury may direct.

**WHEREFORE,** PALISADES and RONDAVEL, demand judgment on the Fourth-Party Complaint herein as against the Fourth-Party Defendants, and further demand that the ultimate rights of PALISADES and RONDAVEL and the Fourth-Party Defendants as between themselves be determined in this action and PALISADES and RONDAVEL have judgment over and against the Fourth-Party Defendants as follows: (a) providing that PALISADES and RONDAVEL be indemnified by the Fourth-Party Defendants for any

judgment which may be recovered against them by the Plaintiff; (b) providing that any liability against PALISADES and RONDAVEL be apportioned in whole or in part, against the Fourth-Party Defendants in an amount equal to the proportionate share of liability/culpability as between PALISADES and/or RONDAVEL and the Fourth-Party Defendants; (c) awarding PALISADES and RONDAVEL costs, attorneys' fees, interest and disbursements incurred in this action; and (d) for other and further relief as this Court may deem just and proper.

Dated: Elmsford, New York
      March 3, 2008

Yours, etc.

LAW OFFICES OF DONALD L. FRUM

By: Paul Zilberfein, Esq. (7462)
*Attorneys for Fourth-Party Plaintiffs*
  *PALISADES and RONDAVEL*
565 Taxter Road - Suite 150
Elmsford, New York 10523
914-347-5522

**TO:**

AUDITORS EXPRESS
54 Collins Avenue
Bloomfield, New Jersey 07003

JOHN VANHOUTEN
122 Gaston Avenue
Garfield, New Jersey 07026

Law Offices Of Eliot Bloom, P.C.
*Attorney for Plaintiff*
114 Old Country Road
Mineola, New York, 11501

MARKS, O'NEILL, O'BRIEN and COURTNEY, P.C.
*Attorney for Defendant/Third-Party Plaintiff*
  CHOICE HOTELS INTERNATIONAL, INC.
530 Saw Mill River Road
Elmsford, New York 10523,

Docket No. : 07-CV-6723 (PKL)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

RICHARD LOOS,
                        *Plaintiff,*
     -against-
COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                        *Defendants,*
-----------------------------------------------------------------X
COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                        *Third-Party Plaintiffs,*
     -against-
KENNETH WEISS and RONDAVEL MANAGEMENT
CORPORATION

                        *Third-Party Defendants,*
-----------------------------------------------------------------X
PALISADES LODGING CORPORATION, trading
as COMFORT INN and improperly sued herein as
COMFORT INNS, INC. and RONDAVEL
MANAGEMENT CORPORATION,

                        *Fourth-Party Plaintiffs,*
     -against-
AUDITORS EXPRESS and JOHN VANHOUTEN,

                        *Fourth-Party Defendants.*

**FOURTH-PARTY SUMMONS IN A CIVIL ACTION, FOURTH-PARTY COMPLAINT
and RULE 7.1 STATEMENT**

# LAW OFFICES OF DONALD L. FRUM

565 TAXTER ROAD
SUITE 150
ELMSFORD, NEW YORK 10523
(914) 347-5522