UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RICHARD LOOS,

        Plaintiff,

   -against-

COMFORT INNS, INC., and
CHOICE HOTELS INTERNATIONAL, INC.,

        Defendants.

-------------------------------------------------------------------X

COMPLAINT AND
JURY DEMAND
INDEX NO.

JUL 26 2007
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff, Richard Loos ("Loos") alleges as follows for his complaint against the

Defendants Comfort Inns, Inc. ("Comfort") and Choice Hotels International, Inc. ("Choice"):

## SUMMARY OF THE ACTION

    In the early morning hours of June 15, 2007, Loos was in his room at a motel owned by

Choice and operated by Comfort in Nanuet, New York, when a front desk attendant employed by

Comfort wrongfully and negligently gave a room key to an unrelated third-party, who entered

the room and assaulted Loos causing serious physical injury.

## THE PARTIES

    1.    Plaintiff is a resident of the State of Florida, and resides at 21596 Casa

Monte, Boca Raton, Florida.

    2.    Defendant, Comfort Inns, Inc., does business as Comfort Inn at 425 East

Route 59, Nanuet, New York.

    3.    Defendant, Comfort Inns, Inc., is a New York corporation doing

business at 425 East Route 59, Nanuet, New York.

    4.    Defendant, Comfort Inns, Inc., is a foreign corporation doing business at

425 East Route 59, Nanuet, New York.

5.     Defendant, Comfort Inns, Inc., is a subsidiary of a parent corporation, Choice Hotels International, Inc., doing business as Comfort Inns, Inc.

6.     Defendant, Choice Hotels International, Inc, is a New York corporation doing business at 10750 Columbia Pike, Silver Spring, Maryland, 20901.

7.     Defendant, Choice Hotels International, Inc, is a foreign corporation doing business at 10750 Columbia Pike, Silver Spring, Maryland, 20901.

8.     Defendant, Choice Hotels International, Inc., is a parent corporation of Defendant, Comfort Inns, Inc.

## JURISDICTION AND VENUE

9.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.

10.     Venue is proper in this district pursuant to 28 U.S.C. 1391 (a) (2) because Defendants' actions took place in this district and caused damage to Loos here.

## FACTUAL BACKGROUND

11.     The negligent acts alleged herein, took place in the County of Rockland, State of New York at the Comfort Inn, 425 East Route 59, Nanuet, New York on the 15th day of June, 2007.

12.     On or about the 15th day of June, 2007, a third-person non-hotel guest commit a battery upon the Plaintiff Loos.

## COUNT I, NEGLIGENCE

13.     Plaintiff repeats and reiterates the allegations contained in paragraphs numbered "1" through "12" as if fully set forth at length herein.

14.     That on or about the 15th day of June, 2007, the Plaintiff was seriously

and permanently injured at the premises owned and operated by the Defendants, Comforts Inn, Inc. and Choice Hotels International, Inc.

15.     That on the 15th day of June, 2007, while Plaintiff was lawfully at the premises belonging to the Defendants Comforts Inn, Inc. and Choice Hotels International, Inc. in a room at the premises, and exercising that degree of care for his own safety that a reasonably prudent person would have exercised under the same circumstance on the Defendants premises, he was assaulted and caused to sustain the injuries hereinafter described.

16.     That the Plaintiff suffered serious injuries, including permanent scarring, blurred vision, loss of teeth, knee and elbow trauma, head trauma, and other and further serious and permanent physical injuries which have in the past, and will in the future, cause the Plaintiff pain and suffering and medical bills.

17.     That the aforementioned occurrence was due to the negligence, carelessness and recklessness of the Defendants Comforts Inn, Inc. and Choice Hotels International, Inc., their agents, employees and representatives, without any negligence on the part of the Plaintiff contributing thereto, in that the Defendants failed to maintain the premises in a reasonably safe condition, that the Defendants negligently provided a key to the room in which the Plaintiff was lawfully staying to a third-person non-hotel guest, that the Defendants failed to protect the Plaintiff, that the Defendants failed to take minimal security precautions to prevent against foreseeable criminal acts, that the Defendants caused the condition herein, that the Defendants breached its duty to the Plaintiff which included taking minimal precautions to protect its guest from intentional and criminal conduct, that the Defendants created a condition that caused a likelihood of conduct on the part of a third person, which was likely to endanger the safety of the Plaintiff and to place the Plaintiff in a vulnerable position, in that the

Defendants employee and employees failed to exercise due care in the performance of their assigned responsibilities thus creating the condition herein, in that the Defendants undertook to provide a service, and to maintain security for its' guests in rooms with locks and keys and then provided that service negligently, and that the Defendants Comforts Inn, Inc. and Choice Hotels International, Inc. were otherwise negligent in the premises.

18.    That the negligence of the Defendants Comforts Inn, Inc. and Choice Hotels International, Inc. was the proximate cause of the within occurrence.

19.    That the negligence of the Defendants Comforts Inn, Inc.'s and Choice Hotels International, Inc.'s employees and agents was the proximate cause of the within occurrence.

20.    That the acts of a third person were foreseeable under the given circumstances herein.

21.    That the acts of the Defendants Comforts Inn, Inc. and Choice Hotels International, Inc. were a substantial causative factor in causing the injuries alleged herein.

22.    That by acting negligently herein, the Defendants Comforts Inn, Inc. and Choice Hotels International, Inc. have caused damage to the Plaintiff in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a.    Awarding Loos actual and consequential damages in the amounts alleged in the allegation herein and in an amount to be established at trial as a result of the allegations set forth herein as established at trial;

b.    Awarding Loos interest on any award of actual damages at the rates

prescribed by applicable law;

      c.   Awarding Loos its costs and expenses in this litigation, including

reasonable attorney fees and experts fees and other costs and disbursements; and

      d.   Awarding Loos such other and further relief as may be just and proper

under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

    40.   Loos demands a trial by jury.


Dated: Mineola, New York
      July 12, 2007


            Yours, etc.

            Law Offices of Eliot F. Bloom


            BY:  ELIOT F. BLOOM, ESQ.(9423)
            114 Old Country Road, Suite 308
            Mineola, New York  11501
            (516) 739-5300