UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD LOOS,

                                        Plaintiff,

               - against -

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                                        Defendants.

---

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                              Third-Party Plaintiffs,

               - against -

KENNETH WEISS and RONDAVEL
MANAGEMENT CORPORATION,

                              Third-Party Defendants.

---

PALISADES LODGING CORPORATION, trading
as COMFORT INN and improperly sued herein as
COMFORT INNS, INC. and RONDAVEL
MANAGEMENT CORPORATION,

                              Fourth-Party Plaintiffs,

               - against -

AUDITORS EXPRESS and JOHN VANHOUTEN,

                              Fourth-Party Defendants.

---

**ANSWER TO
FOURTH-PARTY COMPLAINT**


**TRIAL BY JURY DEMANDED**
Case No.:  07/CV 6723

Fourth-Party Defendants, **AUDITORS EXPRESS and JOHN VANHOUTEN,** by its attorneys, the **LAW OFFICES OF JOHN P. HUMPHREYS,** hereby answers the Fourth-Party Complaint of the defendants/fourth-party plaintiffs, herein as follows:

1.    Denies any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the Fourth-Party Complaint designated **"1", "2", "18" and "20".**

2.    Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint designated **"3", "4", "5", "6" and "7".**

3.    Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint designated **"8", "10", "12", "13", "14", "15", "16" and "17",** and respectfully refers all questions of law to this Honorable Court.

## ANSWERING A FIRST CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

4.    Responding to the paragraph of the Fourth-Party Complaint designated **"22",** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

5.    Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint designated **"23," "24" and "25".**

## ANSWERING A SECOND CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

6.    Responding to the paragraph of the Fourth-Party Complaint designated **"26",** repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

7.      Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint designated **"27" and "28".**

## ANSWERING A THIRD CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

8.      Responding to the paragraph of the Fourth-Party Complaint designated **"29"**, repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

9.      Denies each and every allegation contained in the paragraph of the Fourth-Party Complaint designated **"30".**

## ANSWERING A FOURTH CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

10.     Responding to the paragraph of the Fourth-Party Complaint designated **"31"**, repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

11.     Denies each and every allegation contained in the paragraph of the Fourth-Party Complaint designated **"32".**

## ANSWERING A FIFTH CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

12.     Responding to the paragraph of the Fourth-Party Complaint designated **"33"**, repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

13.     Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint designated **"34" and "35".**

## ANSWERING A SIXTH CAUSE OF ACTION AGAINST
## FOURTH-PARTY DEFENDANT AUDITORS EXPRESS

14.    Responding to the paragraph of the Fourth-Party Complaint designated **"36"**, repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

15.    Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint designated **"37," "38" and "39"**.

## ANSWERING A FIRST CAUSE OF ACTION AGAINST
## FOURTH-PARTY DEFENDANT JOHN VANHOUTEN

16.    Responding to the paragraph of the Fourth-Party Complaint designated **"40"**, repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

17.    Denies each and every allegation contained in the paragraphs of the Fourth-Party Complaint designated **"41," "42" and "43"**.

## ANSWERING A SECOND CAUSE OF ACTION AGAINST
## FOURTH-PARTY DEFENDANT JOHN VANHOUTEN

18.    Responding to the paragraph of the Fourth-Party Complaint designated **"44"**, repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

19.    Denies each and every allegation contained in the paragraph of the Fourth-Party Complaint designated **"45"**.

## ANSWERING A THIRD CAUSE OF ACTION AGAINST
## FOURTH-PARTY DEFENDANT JOHN VANHOUTEN

20.    Responding to the paragraph of the Fourth-Party Complaint designated **"46"**,

repeats and reiterates each and every admission, denial and other response heretofore made to the

preceding paragraphs with the same force and effect as if set forth at length herein.

21.    Denies each and every allegation contained in the paragraph of the Fourth-Party

Complaint designated **"47"**.

## AS AND FOR A FIRST, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO FOURTH-PARTY PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

22.    Upon information and belief, fourth-party defendant Vanhouten was loaned to

defendant and fourth-party plaintiff and was within the sole control of defendant and fourth-party

plaintiff.

## AS AND FOR A SECOND, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

23.    That the plaintiff's alleged damages representing the cost of medical care, dental

care, custodial care or rehabilitation services, loss of earnings or other economic loss were or

will, with reasonable certainty, be replaced or indemnified, in whole or in part, by or from a

collateral source and this Court shall, pursuant to CPLR Section 4545(c), reduce the amount of

such alleged damages by the amount such damages were or will be replaced or indemnified by

such collateral source.

## AS AND FOR A THIRD, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

24.     This party's responsibility for non-economic loss, if any, which is expressly

denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a

party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and,

thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

### AS AND FOR A FOURTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

25.     The injuries and damages allegedly sustained by plaintiff were caused in whole or

in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a

result of which the claim of plaintiff is therefore barred or diminished in the proportion that such

culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and

damages.

### AS AND FOR A FIFTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

26.     Plaintiff's injuries, if any, were caused by the culpable conduct of parties other

than the answering defendant and over whom defendant had no control.

### *AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNIFICATON AGAINST CO-DEFENDANTS, THIS DEFENDANT ALLEGES THE FOLLOWING:*

27.     That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the

time and place set forth in the Complaint through any carelessness, recklessness and/or

negligence other than the plaintiff's own, such damages were sustained in whole or in part due to

the primary and active carelessness, recklessness and negligence and/or negligent acts of

omission or commission of the co-defendant, its agent(s), servant(s) and/or employee(s) with the

negligence of this answering defendant(s), if any, being secondary, derivative and created solely by operation of law.

28.     If plaintiff(s) should recover judgment against the answering defendant(s), then co-defendant(s) shall be liable to fully indemnify this answering defendant(s) for the amount of any recovery obtained herein by plaintiff(s) against this answering defendant(s) as the Court or jury may direct.

29.     That by reason of this action, answering defendant(s) has (have) been and will be put to costs and expenses, including attorneys' fees, and, this defendant(s) demands judgment dismissing the Complaint herein as to this defendant(s) and, further, demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by the plaintiff(s) against this answering defendant(s) or in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

### *AS AND FOR A CROSS-CLAIM FOR COMMON LAW NEGLIGENCE AGAINST CO-DEFENDANTS, THIS DEFENDANT ALLEGES THE FOLLOWING:*

30.     That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of co-defendant(s), its agent(s), servant(s) and/or employee(s).

31.     Further, if plaintiff(s) should recover judgment against this answering defendant(s), the co-defendant(s) shall be liable to this defendant on the basis of apportionment of responsibility for the alleged occurrence and this defendant is entitled to contribution from and

judgment over and against co-defendant(s) for all or part of any verdict or judgment which plaintiff(s) may recover in such amounts as a jury or Court may direct.

    ,   32.     This defendant(s) demands judgment dismissing the Complaint herein as to the answering defendant(s), and further demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by plaintiff(s) against this answering defendant(s) or in such amount as the Court or jury may determine, together with the costs and disbursements of the action.

### AS AND FOR A COUNTERCLAIM FOR COMMON LAW INDEMNIFICATON AGAINST DEFENDANTS/THIRD-PARTY PLAINTIFFS, THIS THIRD-PARTY DEFENDANT ALLEGES THE FOLLOWING:

    33.     That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part due to the primary and active carelessness, recklessness and negligence and/or negligent acts of omission or commission of the defendant/third-party plaintiff, its agent(s), servant(s) and/or employee(s) with the negligence of this answering third-party defendant(s), if any, being secondary, derivative and created solely by operation of law.

    34.     If plaintiff(s) should recover judgment against the answering third-party defendant(s), then defendant/third-party plaintiff(s) shall be liable to fully indemnify this answering third-party defendant(s) for the amount of any recovery obtained herein by plaintiff(s) against this answering third-party defendant(s) as the Court or jury may direct.

    35.     That by reason of this action, answering third-party defendant(s) has (have) been and will be put to costs and expenses, including attorneys' fees, and, this third-party defendant(s) demands judgment dismissing the Complaint herein as to this third-party defendant(s) and,

further, demands judgment over and against defendant/third-party plaintiff(s) for the amount of any judgment which may be obtained herein by the plaintiff(s) against this answering third-party defendant(s) or in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

### AS AND FOR A COUNTERCLAIM FOR COMMON LAW NEGLIGENCE AGAINST DEFENDANTS/THIRD-PARTY PLAINTIFFS, THIS THIRD-PARTY DEFENDANT ALLEGES THE FOLLOWING:

36.    That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of defendant/third-party plaintiff(s), its agent(s), servant(s) and/or employee(s).

37.    Further, if plaintiff(s) should recover judgment against this answering third-party defendant(s), the defendant/third-party plaintiff(s) shall be liable to this third-party defendant on the basis of apportionment of responsibility for the alleged occurrence and this third-party defendant is entitled to contribution from and judgment over and against defendant/third-party plaintiff(s) for all or part of any verdict or judgment which plaintiff(s) may recover in such amounts as a jury or Court may direct.

38.    This third-party defendant(s) demands judgment dismissing the Complaint herein as to the answering third-party defendant(s), and further demands judgment over and against defendant/third-party plaintiff(s) for the amount of any judgment which may be obtained herein by plaintiff(s) against this answering third-party defendant(s) or in such amount as the Court or jury may determine, together with the costs and disbursements of the action.

*WHEREFORE,* this party demands judgment dismissing the action herein, together with costs and disbursements.

Dated: New York, New York
      April 28, 2008

Respectfully,

Kenneth B. Brown, Esq.  (KBB 9641)
LAW OFFICES OF JOHN P. HUMPHREYS
Attorneys for Fourth-Party Defendants
**AUDITORS EXPRESS and JOHN VANHOUTEN**
485 Lexington Avenue, 7th Floor
New York, New York 10017
(917) 778-6600


TO:

LAW OFFICES OF ELIOT BLOOM, P.C.
Attorneys for Plaintiff
114 Old Country Road
Mineola, N.Y. 11501

LAW OFFICES OF DONALD L. FRUM
Attorneys for Fourth-Party Plaintiffs
Palisades and Rondavel
565 Taxter Road, Suite 150
Elmsford, N.Y. 10523
914-347-5522

MARKS, O'NEILL, O'BRIEN and COURTNEY, P.C.
Attorneys for Defendant/Third-Party Plaintiff
Choice Hotels International, Inc.
530 Saw Mill River Road
Elmsford, N.Y. 10523

### *ATTORNEY VERIFICATION*

KENNETH B. BROWN, affirms as follows:

I am an attorney at law admitted to practice in the Courts of the State of New York, and am associated with The Law Office of JOHN P. HUMPHREYS, attorneys for defendant in the within action, and as such, I am fully familiar with all the facts and circumstances therein.

That the foregoing Answer is true to the knowledge of affirmant, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters affirmant believes it to be true.

Affirmant further states that the reason that this verification is made by affirmant and not by defendant is that the defendant is not within this County of New York where affirmant maintains his/her office.

Affirmant further states that the sources of her knowledge and information are reports of investigations, conversations, writings, memoranda, and other data concerning the subject matter of the litigation.

The undersigned attorney affirms that the foregoing statements are true, under the penalties of perjury pursuant to Rule 2106 of the CPLR.

Dated: New York, New York
      April 28, 2008

 

                                        KENNETH B. BROWN, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD LOOS,

                                        Plaintiff,          **INTERROGATORIES**

          - against -

                                                            Case No.:  07/CV 6723
COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                                        Defendants.

---

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                              Third-Party Plaintiffs,

          - against -

KENNETH WEISS and RONDAVEL
MANAGEMENT CORPORATION,

                              Third-Party Defendants.

---

PALISADES LODGING CORPORATION, trading
as COMFORT INN and improperly sued herein as
COMFORT INNS, INC. and RONDAVEL
MANAGEMENT CORPORATION,

                              Fourth-Party Plaintiffs,

          - against -

AUDITORS EXPRESS and JOHN VANHOUTEN,

                              Fourth-Party Defendants.

---

C O U N S E L O R S :

          *PLEASE TAKE NOTICE* that this answering party, represented by the Law Office of

JOHN P. HUMPHREYS, the undersigned attorneys, requires that you serve upon said attorneys

within thirty (30) days after service upon you of a copy of this demand, a Response to Defendant's Interrogatories, setting forth the following:

 1. State the date and time of day of the occurrence.

 2. If any dangerous or defective condition is alleged:

  (a) State the nature of the alleged dangerous or defective condition.

  (b) Set forth the exact location of the defect.

  (c) State whether it will be claimed that this answering defendant had actual or constructive notice of said condition.

  (d) If actual notice is claimed, a statement of when and to whom same was given, stating the name and date.

  (e) If it is alleged that this answering defendant or the agent, servant and/or employee of the answering defendant caused or created the condition, state the name of the person who caused or created the condition and the date when said condition was caused or created.

  (f) If constructive notice is claimed, state:

   (i) nature of condition;

   (ii) location of condition;

   (iii) duration of condition with date of inception to date constructive notice will be claimed to be given the answering defendant.

 3. What acts or omissions constituted the breach of agreement or contract of this answering defendant?

 4. What acts or omissions constituted the negligence claimed, if any, of this answering defendant?

 5. In what manner will it be claimed, if any, that this answering defendant was primarily or actively negligent?

 6. In what manner will it be claimed, if any, that this party serving the complaint against the answering defendant was only secondarily or passively negligent?

 7. If strict liability is claimed against this answering defendant, state:

    (a)     the nature and basis of same;

    (b)     the manner in which the answering defendant is strictly liable.

8.     If Labor Law violations are claimed, state:

    (a)     Section or regulation by number alleged to have been violated by the answering defendant;

    (b)     Nature and basis of same;

    (c)     The manner in which the answering defendant is alleged to have violated same.

9.     If a nuisance and/or trespass is claimed, state:

    (a)     Condition allegedly constituting same;

    (b)     Nature of said condition;

    (c)     Length of time it was in existence prior to the date of the occurrence.

10.     If applicable, describe the goods, product, appliance, machine, substance, or other article which allegedly caused the occurrence in terms sufficient for identification, including but not limited to (where applicable):

    (a)     Size;

    (b)     Brand or make name;

    (c)     Model and year;

    (d)     Color;

    (e)     Serial number;

    (f)     Name of its owner, the date and manner of acquisition and the name of the person from whom required.

11.     State the manner in which it is claimed that the said goods, product, appliance, machine, substance or other article is defective; and, if a particular part or portion thereof is claimed to have been defective, specify that part or portion.

12.    State the manner in which it is claimed that the said goods, product, appliance, machine, substance or other article caused the injury or damage of which plaintiff complains.

13.    State the relationship which it is claimed that this answering defendant had to the said goods, product, appliance, machine, substance or other article; i.e., whether manufacturer, wholesaler, distributor, retailer or repairer; and, further state:

(a)    If it is claimed as manufacturer, the date of manufacture and the name of the party to whom the answering defendant sold the same;

(b)    If it is claimed as wholesaler, the date of sale and the party to whom the answering defendant sold same.

(c)    If it is claimed as retailer, the date of sale and the name of the party to whom the answering defendant sold same.

(d)    If it is claimed as repairer, the nature, date and place of the last repair alleged to have been made by the answering defendant.

14.    State with respect to each plaintiff:

(a)    Plaintiff's place and date of birth, all other names by which each plaintiff has ever been known, and social security number.  If plaintiff is a married woman, state maiden name.

(b)    Plaintiff's occupation at the time of the occurrence, with a description of plaintiff's duties;

(c)    The name and address of plaintiff's employer at the time of the alleged occurrence.

(d)    The daily or weekly earnings (gross and net) at the time of the occurrence.

(e)    If plaintiff was self-employed, set forth the business name and address of plaintiff and the annual income (gross and net) of plaintiff from said business.

(f)    Whether plaintiff was incapacitated from said employment; if so, the length of time including the specific dates that plaintiff was allegedly incapacitated from attending to said employment.

(g)    If plaintiff was a student, the name and address of the school attended and the dates, if any when plaintiff was absent from school.

15.    Set forth the total amounts claimed to have been spent or incurred by or on behalf of the plaintiff (setting forth the name of each provider of services along with the amount of the bill and dates of treatment or consultation) for:

    (a)    hospital, clinic or other medical institutions expenses;

    (b)    x-rays;

    (c)    physician and other health provider services;

    (d)    nurses' services;

    (e)    medical supplies;

    (f)    loss of earnings and the basis of computation thereof; and

    (g)    amount and nature (describing in detail of any other special damages claimed).

16.    Set forth each and every injury and/or condition allegedly sustained by each plaintiff as a result of the said occurrence indicating:

    (a)    its nature, extent, location and duration;

    (b)    a complete description of any injury and/or condition claimed to be residual or permanent; and

    (c)    the name and address of each physician or other medical practitioner treating or examining plaintiff; the date of each visit; and whether treatment has ceased or is continuing.

17.    Give the length of time and specific dates it is claimed that each plaintiff was confined, by reason of the alleged injuries:

    (a)    to bed;
    (b)    to house; and
    (c)    if treated at or confined to a hospital or other medical facility, state the name and address thereof, and the dates of admission and discharge.

18.    Pursuant to CPLR 3118 demand is hereby made that you furnish the undersigned with a verified statement setting forth the office address and residence of the plaintiff indicating the street and number, City and State.

***PLEASE TAKE FURTHER NOTICE*** that in the event you have no knowledge of any or all of the above, same shall be so stated.

***PLEASE TAKE FURTHER NOTICE*** that these are continuing demands and supplemental responses to the interrogatories up to the time of trial are required.

***PLEASE TAKE FURTHER NOTICE*** that in the event of your failure to furnish such a Response to Interrogatories within the said period of thirty (30) days, a motion will be made for an order precluding you from giving any evidence at the trial of the above items for which particulars have not been delivered in accordance with said demand.

Dated: New York, New York
        April 28, 2008

                                        Respectfully,

                                        _____
                                        Kenneth B. Brown, Esq.  (KBB 9641)
                                        LAW OFFICES OF JOHN P. HUMPHREYS
                                        Attorneys for Fourth-Party Defendants
                                        **AUDITORS EXPRESS and JOHN
                                        VANHOUTEN**
                                        485 Lexington Avenue, 7th Floor
                                        New York, New York 10017
                                        (917) 778-6600

TO:

LAW OFFICES OF ELIOT BLOOM, P.C.
Attorneys for Plaintiff
114 Old Country Road
Mineola, N.Y. 11501

LAW OFFICES OF DONALD L. FRUM
Attorneys for Fourth-Party Plaintiffs
Palisades and Rondavel
565 Taxter Road, Suite 150
Elmsford, N.Y. 10523
914-347-5522

MARKS, O'NEILL, O'BRIEN and COURTNEY, P.C.
Attorneys for Defendant/Third-Party Plaintiff

Choice Hotels International, Inc.
530 Saw Mill River Road
Elmsford, N.Y. 10523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD LOOS,

                                    Plaintiff,

            - against -

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                                    Defendants.

---

COMFORT INNS, INC. and CHOICE HOTELS
INTERNATIONAL, INC.,

                        Third-Party Plaintiffs,

            - against -

KENNETH WEISS and RONDAVEL
MANAGEMENT CORPORATION,

                        Third-Party Defendants.

---

PALISADES LODGING CORPORATION, trading
as COMFORT INN and improperly sued herein as
COMFORT INNS, INC. and RONDAVEL
MANAGEMENT CORPORATION,

                        Fourth-Party Plaintiffs,

            - against -

AUDITORS EXPRESS and JOHN VANHOUTEN,

                        Fourth-Party Defendants.

---

**NOTICE TO TAKE
DEPOSITION UPON ORAL
ARGUMENT**

Case No.:  07/CV 6723

C O U N S E L O R S:

        **PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure, the

testimony, upon oral examination of all parties.

As an adverse party will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the Law Offices of John P. Humphreys, on the **7th day of October, 2008,** at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the prosecution-defense of this action:

All of the relevant facts and circumstances in connection with the accident which allegedly occurred, including negligence, contributory negligence, liability and damages.

That said person to be examined is required to produce at such examination the following:

Including but not limited to, all books and papers in custody or control, bearing upon or related to the within occurrence, for the purpose of being examined, inspected or copied and being offered and received in evidence, in whole in part, in addition to the recollection of the witnesses.

Dated: New York, New York
         April 28, 2008

Respectfully,

Kenneth B. Brown, Esq.  (KBB 9641)
LAW OFFICES OF JOHN P. HUMPHREYS
Attorneys for Fourth-Party Defendants
**AUDITORS EXPRESS and JOHN
VANHOUTEN**
485 Lexington Avenue, 7th Floor
New York, New York 10017
(917) 778-6600

TO:

LAW OFFICES OF ELIOT BLOOM, P.C.
Attorneys for Plaintiff
114 Old Country Road
Mineola, N.Y. 11501

LAW OFFICES OF DONALD L. FRUM
Attorneys for Fourth-Party Plaintiffs
Palisades and Rondavel
565 Taxter Road, Suite 150
Elmsford, N.Y. 10523
914-347-5522

MARKS, O'NEILL, O'BRIEN and COURTNEY, P.C.
Attorneys for Defendant/Third-Party Plaintiff
Choice Hotels International, Inc.
530 Saw Mill River Road
Elmsford, N.Y. 10523

STATE OF NEW YORK

COUNTY OF NEW YORK

AFFIDAVIT OF
SERVICE BY MAIL

I, Rosanna Sereno, being duly sworn, deposed and says that deponent is a secretary of the LAW OFFICES OF JOHN P. HUMPHREYS, attorneys for one of the parties herein; is over 18 years of age; is not a party to the action. The deponent served the papers noted below by regular mail, the same securely enclosed in the postage paid wrapper in the Letter Box maintained and exclusively controlled by the United States Postal Service at 485 Lexington Avenue, New York, New York 10017 directed to the said attorney(s) at the address indicated below; that being the address within the state designated by said attorney(s) for that purpose, or the place where said attorneys(s) then kept an office, between which places there then was and now is a regular communication by mail as follows:

Date mailed:          May 6, 2008

Papers Served:     **ANSWER TO FOURTH-PARTY COMPLAINT/INTERROGATORIES/NOTICE TO TAKE DEPOSITION UPON ORAL ARGUMENT**

Served Upon:

LAW OFFICES OF ELIOT BLOOM, P.C.
Attorneys for Plaintiff
114 Old Country Road
Mineola, N.Y. 11501

LAW OFFICES OF DONALD L. FRUM
Attorneys for Fourth-Party Plaintiffs
Palisades and Rondavel
565 Taxter Road, Suite 150
Elmsford, N.Y. 10523
914-347-5522

MARKS, O'NEILL, O'BRIEN and COURTNEY, P.C.
Attorneys for Defendant/Third-Party Plaintiff
Choice Hotels International, Inc.
530 Saw Mill River Road
Elmsford, N.Y. 10523

_Rosanna Sereno_
Rosanna Sereno

Sworn to before me this
6th day of May, 2008

_Cathy Aranzullo_
Notary Public

CATHY ARANZULLO
Commissioner of Deeds
City of New York - No. 5-1498
Certificate Filed in Richmond County
Commission Expires 12-1-08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**                              Index No. :6723/ 07 CV

RICHARD LOOS,

                                                                    Plaintiff(s),

                                        -against-

COMFORT    INNS,    INC.    and    CHOICE    HOTELS
INTERNATIONAL, INC.,

                                                                    Defendant(s).

**AND ADDITIONAL ACTIONS.**

### ANSWER TO FOURTH-PARTY COMPLAINT/INTERROGATORIES/NOTICE TO TAKE
### DEPOSITION UPON ORAL ARGUMENT

### Law Office of
### JOHN P. HUMPHREYS

Attorneys for Fourth-Party Defendants
**AUDITORS EXPRESS and JOHN VANHOUTEN**
Office & P.O. Address
**485 Lexington Avenue, 7th Floor**
**New York, New York 10017**

Tel. No.: (917) 778-6600
Fax No.: (917) 778-7020
(917) 778-7022

TO:

Service of a copy of the within                                    is hereby admitted.

Dated:                          _____

                                Attorney(s) for

**NOTICE OF ENTRY:**

         **PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above
Court on the ____ day of _____ 200 .

**NOTICE OF SETTLEMENT:**

         **PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the
Courthouse on the ____ day of _____ 200 , at 10:00 a.m. at the office of the Clerk of the Part of this Court
where the within described motion was heard.

Dated:    New York, New York                          **Law Office of**
                                                      **JOHN P. HUMPHREYS**
                                                      Attorneys for Defendant(s)
                                                      As Designated Above