UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD LOOS,

                        Plaintiff,

      -against-

COMFORT INNS, INC. CHOICE HOTELS
INTERNATIONAL, INC., RONDAVEL MANAGEMENT
CORPORATION, PALISADES LODGING
CORPORATION TRADING AS COMFORT INN,
COMFORT INN NANUET, IGNACIO RANGEL,
AUDITORS EXPRESS and JOHN VANHOUTEN,

                        Defendant.
------------------------------------------------------------------X
COMFORT INNS, INC. and CHOICE HOTELS,
INTERNATIONAL, INC.,

                      Third-Party Plaintiff,

      -against-

KENNETH WEISS and RONDAVEL MANAGEMENT
CORPORATION,

                      Third-Party Defendants.
------------------------------------------------------------------X
PALISADES LODGING CORPORATION, trading As
COMFORT INN and improperly sued herein as COMFORT
INNS, INC and RONDAVEL MANAGEMENT
CORPORATION,

                      Fourth-Party Plaintiffs,

      -against-

AUDITORS EXPRESS and JOHN VANHOUTEN,

                      Fourth-Party Defendants.
------------------------------------------------------------------X

Docket no.: 07-CV-6723 (PKL)

**VERIFIED ANSWER TO SECOND AMENDED COMPLAINT**

Assigned Judge:
Honorable Peter K. Leisure

Third Party Defendant, KENNETH WEISS, by his attorneys, ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C., answering the Second Amended Complaint of the Plaintiff, RICHARD LOOS, states, upon information and belief:

1. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "1" of the Second Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "2" of the Second Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "3" of the Second Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "4" of the Second Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "5" of the Second Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "6" of the Second Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraphs "7" of the Second Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraphs "8" of the Second Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "9" of the Second Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "10" of the Second Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "11" of the Second Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "12" of the Second Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "13" of the Second Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "14" of the Second Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "15" of the Second Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "16" of the Second Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "17" of the Second Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "18" of the Second Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "19" of the Second Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "20" of the Second Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "21" of the Second Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "22" of the Second Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "23" of the Second Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "24" of the Second Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "25" of the Second Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "26" of the Second Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "27" of the Second Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "28" of the Second Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "29" of the Second Amended Complaint.

30. Denies each and every allegation designated in paragraph "30" of Second Amended Complaint.

31. Denies each and every allegation designated in paragraph "31" of the Second Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "32" of the Second Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "33" of the Second Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "34" of the Second Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "35" of the Second Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation designated in paragraph "36" of the Second Amended Complaint.

37. Denies each and every allegation designated in paragraph "37" of the Second Amended Complaint.

38. Denies each and every allegation designated in paragraph "38" of the Second Amended Complaint.

## COUNT I, NEGLIGENCE

39. Repeats, reiterates and realleges each and every response to paragraphs "1" through "38" inclusive of the Second Amended Complaint in answer to paragraph "39" of the Second Amended Complaint, with the same force and effect as if fully set forth herein.

40. Denies each and every allegation designated in paragraph "40" of the Second Amended Complaint.

41. Denies each and every allegation designated in paragraph "41" of the Second Amended Complaint.

42. Denies each and every allegation designated in paragraph "42" of the Second Amended Complaint.

43. Denies each and every allegation designated in paragraph "43" of the Second Amended Complaint.

44. Denies each and every allegation designated in paragraph "44" of the Second Amended Complaint.

45. Denies each and every allegation designated in paragraph "45" of the Second Amended Complaint.

46. Denies each and every allegation designated in paragraph "46" of the Second Amended Complaint.

47. Denies each and every allegation designated in paragraph "47" of the Second Amended Complaint.

48. Denies each and every allegation designated in paragraph "48" of the Second Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. By reason of the foregoing, this answering defendant demand that any damages recovered or any judgment recovered by plaintiff against said defendant be reduced accordingly, pursuant to the common law and CPLR § 1411, in the proportion which the culpable conduct attributable to plaintiff bear to the culpable conduct, if any, of said defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. That if the injuries and/or damages and the risks incident to the situation mentioned in the Second Amended Complaint were open, obvious and apparent, and were known and assumed by the plaintiff, then her claims are barred by virtue of their assumption of the risks thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. In the event plaintiff recovers a verdict or judgment against this answering defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit program.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. The plaintiff has failed to mitigate, obviate, diminish and otherwise act to lessen or reduce the alleged injuries, damages and disabilities alleged in the Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. That, to the extent that the alleged damages and/or injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors, the claims of plaintiff against this answering defendant should be barred.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. Pursuant to the limited liability provisions of §1601 of the Civil Practice Law and Rules, this answering defendant's liability, if any, shall be limited to its respective equitable share of the total liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

56. If the plaintiff was damaged as alleged in her Complaint, which damages are expressly denied, then such damages were the result in whole or in part of the conduct of the

plaintiff and/or others over whom the answering defendant exercised no influence or control and, to the extent that the answering defendant may be liable to plaintiff, such liability should be in proportion to the percentage that the answering defendant's conduct relates to the conduct of the plaintiff and/or others in causing the damage and apportioned pursuant to Articles 14 and 16 of the CPLR.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS COMFORT INNS, INC., CHOICE HOTELS INTERNATIONAL, INC., RONDAVEL MANAGEMENT CORPORATION, PALISADES LODGING CORPORATION TRADING AS COMFORT INN, COMFORT INN NANUET, IGNACIO RANGEL, AUDITORS EXPRESS and JOHN VANHOUTEN, THIRD-PARTY DEFENDANT KENNETH WEISS, ALLEGES UPON INFORMATION AND BELIEF

24. If plaintiff sustained the injuries alleged in (his) (her) (their) complaint in the manner therein alleged, all of which has been denied by this defendant, through any fault other than the fault of the plaintiff, then such injuries and damages were caused by the active, affirmative and primary negligence of the co-defendants COMFORT INNS, INC., CHOICE HOTELS INTERNATIONAL, INC. RONDAVEL MANAGEMENT CORPORATION, PALISADES LODGING CORPORATION TRADING AS COMFORT INN, COMFORT INN NANUET, IGNACIO RANGEL, AUDITORS EXPRESS and JOHN VANHOUTEN.

25. By reason of the foregoing, the Third-Party Defendant is or will be entitled to have judgment over and against said co-defendants, in whole or in part as to any sum awarded to the plaintiff against this Third-Party Defendant.

WHEREFORE, the answering Third-Party Defendant, KENNETH WEISS, demands judgment dismissing the Complaint as to him, together with the costs and disbursements of this action, or in the alternative, demands that the ultimate rights of the plaintiff, answering defendants and co-defendants, COMFORT INNS, INC., CHOICE HOTELS INTERNATIONAL, INC. RONDAVEL MANAGEMENT CORPORATION, PALISADES

LODGING CORPORATION TRADING AS COMFORT INN, COMFORT INN NANUEL, IGNACIO RANGEL, AUDITORS EXPRESS and JOHN VANHOUTEN, be determined in this action with regard to all claims and cross-claims and that the answering Third Party Defendant, KENNETH WEISS, have judgment over and against the plaintiff(s), and the co-defendants COMFORT INNS, INC., CHOICE HOTELS INTERNATIONAL, INC. RONDAVEL MANAGEMENT CORPORATION, PALISADES LODGING CORPORATION TRADING AS COMFORT INN, COMFORT INN NANUEL, IGNACIO RANGEL, AUDITORS EXPRESS and JOHN VANHOUTEN, and each of them, in the proportion that each of their culpable conduct bears to the entire culpable conduct involved in the occurrence, and have judgment over and against, and indemnity from, the co-defendants, COMFORT INNS, INC., CHOICE HOTELS INTERNATIONAL, INC. RONDAVEL MANAGEMENT CORPORATION, PALISADES LODGING CORPORATION TRADING AS COMFORT INN, COMFORT INN NANUEL, IGNACIO RANGEL, AUDITORS EXPRESS and JOHN VANHOUTEN, together with the costs and disbursements of this action.

Dated: New York, New York
      June 30, 2008

                    Yours etc.,

                    ABRAMS, GORELICK, FRIEDMAN &
                    JACOBSON, P.C.
                    Attorney for Third-Party Defendant
                    KENNETH WEISS

                    By: _____
                         IRWIN D. MILLER (3673)
                    One Battery Park Plaza, 4th Floor
                    New York, New York 10004
                    (212) 422-1200/File no.: 8948

TO: LAW OFFICES OF ELIOT F. BLOOM
Attorneys for Plaintiff
**RICHARD LOOS**
114 Old Country Road, Suite 308
Mineola, New York 11501
(516) 739-5300

LAW OFFICES OF DONALD L. FRUM
Attorneys for Defendant
**COMFORT INNS, INC. and PALISADES LODGING CORPORATION, TRADING AS COMFORT INN**
565 Taxter Road, Suite 150
Elmsford, New York 10523

MARKS, O'NEILL, O'BRIEN and COURTNEY, P.C.
Attorneys for Defendant
**CHOICE HOTELS INTERNATIONAL, INC.**
530 Saw Mill River Road
Elmsford, New York 10523

## **VERIFICATION**

The undersigned, an attorney admitted to practice in the State of New York, affirms the truth of the following statements, upon information and belief and pursuant to the penalties of perjury:

That I am a member of the firm of ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C., the attorneys of record for defendant, in the within action, that I have read the foregoing Answer to the Complaint and know the contents thereof, that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge are as follows: investigation; documents, correspondence, etc. contained in the file maintained by this office

Dated: New York, New York
       June 30, 2008

_____
IRWIN D. MILLER

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF NEW YORK           )

GERARDO SOLER, being duly sworn, deposes and says:

I am not a party to the within action; I am over 18 years of age; I reside in Bronx County, State of New York.

On July 1, 2008, I served the within **VERIFIED ANSWER TO SECOND AMENDED COMPLAINT** upon:

LAW OFFICES OF ELIOT F. BLOOM
Attorneys for Plaintiff
**RICHARD LOOS**
114 Old Country Road, Suite 308
Mineola, New York 11501
(516) 739-5300

LAW OFFICES OF DONALD L. FRUM
Attorneys for Defendant
**COMFORT INNS, INC. and PALISADES LODGING CORPORATION, TRADING AS COMFORT INN**
565 Taxter Road, Suite 150
Elmsford, New York 10523

MARKS, O'NEILL, O'BRIEN and COURTNEY, P.C.
Attorneys for Defendant
**CHOICE HOTELS INTERNATIONAL, INC.**
530 Saw Mill River Road
Elmsford, New York 10523

at the above address(es) by depositing a true copy of same, enclosed in a properly addressed postpaid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
GERARDO SOLER

Sworn to before me this
1st day of July, 2008

_____
Notary Public

DENNIS J. MONACO
Notary Public, State of New York
No. 02MO6148533
Qualified in New York County
Commission Expires June 26, 2010

12